SCOTT A. MEEHAN, ESQ.  Sbn #139314
malibupictures@earthlink.net
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
(818) 707-0338
(818) 707-0339 fax

Attorney for Plaintiff
Scared Movie, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCARED MOVIE, LLC | Case No. 2:20-CV-3984 |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | |
| CHARLES BAND, FULL MOON EMPIRE, INC., FULL MOON FEATURES, FULL MOON DIRECT, FULL MOON AMAZON CHANNEL, and DOES 1 through 20, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Scared Movie, LLC ("Plaintiff"), alleges as follows.

## NATURE OF THE ACTION

1. This is a civil action for damages and for injunctive and related relief against defendants for violations of the United States Copyright Act of 1976, 17 U.S.C. §§101, *et seq.* This action arises out of defendants' infringement of Plaintiff's copyright in the motion picture "Scared" aka "Cut Throat" (the "Film").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 (federal question) and 1338(a)(any act of Congress relating to

copyright) and under the Copyright Act, 17 U.S.C. §§101, *et seq.*

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and ( c) and 1400(a). This Court has personal jurisdiction over Defendants because, *inter alia,* (a) each of the defendants or their respective agents are doing business in this district, and (b) Plaintiff is informed and believes, and on that basis alleges, that a substantial part of the wrongful acts committed by defendants, and each of them, have occurred in interstate commerce, in the State of California, and in the Central District of California.

## THE PARTIES

4. Plaintiff Scared Pictures, LLC, is a limited liability company duly organized under the laws of the State of Pennsylvania.

5. On information and belief, defendant Charles Band is an owner/or operator of the entity defendants. On information and belief, defendant Charles Band resides in Los Angeles County.

6. Full Moon Empire, Inc. is a corporation duly formed under the laws of the State of California with its principal place of business at 1626 N. Wilcox Avenue, suite 474, Hollywood, California 90028.

7. On information and belief, Full Moon Direct is a business entity of unknown form with its principal place of business at 1626 North Wilcox Avenue, Suite 474, Hollywood, California 90028.

8. On information and belief, Full Moon Amazon Channel is a business entity of unknown form with its principal place of business at 1626 North Wilcox Avenue, Suite 474, Hollywood, California 90028.

9. On information and belief, Full Moon Features is a business entity of unknown form with its principal place of business at 1626 North Wilcox Avenue, Suite 474, Hollywood, California 90028.

10. Plaintiff is unaware of the true names or capacities of the defendants sued herein under th fictitious names Does 1 through 20, inclusive. Plaintiff is

1  informed and believes, and based therion alleges, that Does 1 through 20, and each of
2  them, either directly performed the acts alleged herein or were acting as the agent,
3  principal, alter ego, employee, representative, or otherwise participated in the acts
4  alleged herein with Defendants.  Accordingly, defendants Does 1 through 20 are each
5  liable for all of the acts alleged herein because they were the cause in fact and
6  proximate cause of all injuries suffered by Plaintiff as alleged herein.  Plaintiff will
7  amend the Complaint to state the true names of defendants Does 1 through 20 when
8  their identity is discovered.

## BACKGROUND FACTS

11.  Plaintiff owns and has the exclusive rights to reproduce and publicly perform the Film, including by means of streaming it over the internet to the public. Plaintiff is the owner of the copyright in the Film.

12.  Plaintiff has registered the Film with the United States Copyright Office, registration number PAu002584321.

13.  Defendants' actions, as described below, infringe upon Plaintiff's exclusive rights under the Copyright Act and other laws and diminish the economic value of such rights.

14.  Defendants own and/or operate a website with the address www.charlesband.com.  The primary purpose of the website is to link to other websites to purchase a DVD of the Film and/or to download it.  At the website, you can select "Full Moon Amazon Channel" which links the user to website www.amazon.com.  At www.amazon.com, the user can select the Film under the title "Scared" to rent for $0.99 or to buy for $2.99.  Plaintiff is informed and believes that defendants, and each of them, have received and continue to receive revenue generated from such unauthorized sales.  Alternatively, the user can select "Full Moon Direct" which links the user to www.fullmoondirect.com.  At www.fullmoondirect.com, the user can buy the DVD of the Film under the title "Cut

Throat" for $7.95.  Plaintiff is informed and believes that defendants, and each of them, have received and continue to receive revenue generated from such unauthorized sales.

15. Plaintiff is informed and believes that defendants, and each of them, are selling the Film through various formats on other websites as well. Plaintiff is informed and believes that defendants, and each of them, have received and continue to receive revenue generated from such unauthorized sales

16. Defendants' unauthorized copying, distribution of DVDs and streaming of the Film violates Plaintiff's exclusive rights to reproduce, distribute and publicly perform the Film under 17 U.S.C. §§ 106(1), (3), and (4).

17. By virtue of the conduct alleged herein above, defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement.

18. Plaintiff has not provided authorization, permission or consent to defendants to copy, distribute, market, sell, exploit, or publicly perform the Film, or to exercise any other rights affecting its copyright with respect to the Film.  Instead, in violation of Plaintiff's rights under copyright law, defendants have willfully, intentionally, and knowingly facilitated, enabled, induced, materially contributed to and materially participated in the infringing uses thereof.

19. Defendants' conduct causes substantial harm to Plaintiff and to its intellectual property.  Among other things, defendants' conduct interferes with the growth and development of numerous emerging legitimate services offering consumers a means to obtain and view the Film on the Internet and through other channels of distribution.

**FIRST CAUSE OF ACTION**

**Copyright Infringement**

(Against all Defendants)

20. Plaintiff incorporates by reference each and every allegation set

forth in Paragraphs 1 through 19, inclusive, as though full set forth herein.

21. Plaintiff owns the copyright and pertinent exclusive rights, including without limitation, distribution rights, public performance and display rights, in and to the Film.

22. Plaintiff has obtained copyright registration for the Film. In doing so, Plaintiff has complied in all respects with 17 U.S.C. §§101 *et seq.,* the statutory deposit and registration requirements thereof, and all other laws governing federal copyrights.

23. By virtue of defendants' conduct, Plaintiff's exclusive rights of reproduction, distribution, public performance, and public display have been infringed in violation of the Copyright Act, 17 U.S.C. §§106 and 501.

24. Defendants know or have reason to know of the aforesaid infringement of Plaintiff's copyrighted Film and defendants materially contribute to and further such infringement. The infringement of Plaintiff's copyrighted Film is open and notorious.

25. Moreover, while unnecessary to establish defendants' knowledge of the blatant and extensive infringement promoted by their website, Plaintiff provided defendants with notice of infringement of Plaintiff's copyrighted Film, and defendants failed to halt their infringing activities.

26. The foregoing acts of infringement by defendants are willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's copyright and exclusive rights under copyright.

27. As a direct and proximate result of defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff has sustained and will continue to sustain actual damage. Plaintiff is entitled to its actual damages plus defendants' profits from infringement of Plaintiff's copyrighted Film, as will be proven at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages as permitted by federal copyright law.

28.  Defendants' acts have caused and continue to cause substantial irreparable harm to Plaintiff.  Unless defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

27.  Plaintiff is entitled to its attorney fees and full costs pursuant to 17 U.S.C. §505

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For Plaintiff's monetary damages and defendants' profits in such amount as may be found but estimated to be in excess of $150,000.00; or for such other amounts as may be proper pursuant to 17 U.S.C. §504( c).

2. For preliminary and permanent injunctions enjoining defendants , and all persons acting in concert or participation with it, from publicly performing, reproducing, distributing or otherwise infringing upon the Film in any manner.

3. For prejudgment interest according to law;

4. For Plaintiff's attorney fees and full costs incurred in this action;

5. For all such further and additional relief, in law and in equity, to which Plaintiff may be entitled or which the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: April 28, 2020                     SCOTT A. MEEHAN, ESQ.


By:_____/s/*Scott A. Meehan*_____
Scott A. Meehan
Attorney for Plaintiff Scared Movie, LLC

6
COMPLAINT